UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD C. STOKES,

        **Plaintiff,**

                                        **Civil Action 2:14-cv-1601**
        **v.**                           **Judge George C. Smith**
                                        **Magistrate Judge Elizabeth P. Deavers**

STEVE ELLS, *et al*.,

        **Defendants.**

<u>ORDER and REPORT and RECOMMENDATION</u>

        This matter is before the Court for consideration of Plaintiff's Motion for Leave to Amend his Complaint to add his employer, Chipotle, as a defendant.  (ECF No. 16.)  Defendants do not oppose Plaintiff's Motion for Leave to Amend his Complaint, but they request that the Court require Plaintiff to do so within thirty (30) days.  Defendants' request is well-taken. Accordingly, Plaintiff's Motion for Leave to Amend is **GRANTED IN PART** and **DENIED IN PART**.  (ECF No. 16.)  Plaintiff must file his Amended Complaint within **THIRTY (30) DAYS** of the date of this Order.

        This matter is also before the Court for a supplemental Report and Recommendation on Defendant's Motion to Dismiss.  (ECF No. 10.)   For the reasons stated in the January 20, 2015 Report and Recommendation, the Undersigned **RECOMMENDS** that Defendants Ells and Loudermilk be **DISMISSED** from this action in their individual capacities.  (ECF No. 11.) Further, because the Court will allow Plaintiff to amend his Complaint to name Chipotle as Defendant, any claims against Ells and Loudermilk in their official capacities will be duplicative and should be dismissed.  *See Bennett v. White Tiger, Inc*., No. 2:12-CV-171, 2013 WL 164507, at *4 (S.D. Ohio Jan. 15, 2013) ("this Court has dismissed official capacity claims as

unnecessarily duplicative, and "add[ing] nothing to th[e] litigation," when the employer entity is already included as a defendant.") (internal citations omitted).  For the above stated reasons, the Undersigned **RECOMMENDS** that Defendants Ells and Loudermilk be **DISMISSED** from this action.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted)).

**IT IS SO ORDERED.**

Date:  May 8, 2015                                    /s/ *Elizabeth A. Preston Deavers*
                                                        Elizabeth A. Preston Deavers
                                                        United States Magistrate Judge